IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER GILLESPIE and ANGELA CINSON, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 05 C 138 |
| v. | ) ) ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Heather Gillespie and Angela Cinson have sued Equifax Information Services, Inc. (Equifax) on behalf of themselves and all others similarly situated. They allege that Equifax violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681e(a) & 1681g(a)(1), by sending them credit reports that contained incorrect and misleading information. Equifax has moved for summary judgment. For the following reasons, the Court grants Equifax's motion.

### Facts

Equifax is a credit reporting agency (CRA) that gathers consumer credit information and provides it to businesses in connection with credit transactions. Its reporting and collection practices are regulated by the FCRA.

Plaintiff Cinson opened a line of credit with Sears in 1993. She claims that she became delinquent on the account sometime in late 1996 or early 1997 and that Sears "charged-off" the

debt around November 1997.[1] Cinson then made payments on the account in 1998, causing Sears to treat the charge-off as cured. The account fell into delinquent status a second time, and Sears sold the account to a collection agency called Sherman Acquisition (Sherman).

On January 7, 2004, responding to Cinson's request, Equifax sent her the contents of her credit file. The file listed the date of last activity on the Sears and Sherman accounts as October 1998. It also included an insert that said, "The length of time information remains in your credit file is shown below: . . . Collection Accounts: Remain for 7 years . . . The time periods listed above are measured from the date in your credit file shown in the 'date of last activity' field . . ."

Plaintiff Gillespie opened an account with Direct Merchants in March 1999. The account became delinquent in 2001, and Direct Merchants sold the account to Sherman for collection. On December 2, 2004, responding to Gillespie's request, Equifax sent her the contents of her credit file. The file listed the date of last activity on the Direct Merchants and Sherman accounts as July 2001 and September 2001, respectively.

Both plaintiffs claim that the dates of last activity listed in their files are incorrect.

**Discussion**

Entry of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

---

[1] A creditor "charges-off" a debt when it treats the debt as a loss or expense because payment is unlikely. *See* BLACK'S LAW DICTIONARY 227 (7th ed. 1999).

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

1. **Section 1681e(a)**

Section 1681e(a) requires every CRA to "maintain reasonable procedures to avoid violations of section 1681c . . . and to limit the furnishing of consumer reports to the purposes listed under section 1681b . . . ." Section 1681c prohibits a CRA from making consumer reports that contain "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

The plaintiffs contend that Equifax is not entitled to summary judgment because a jury reasonably could find that Equifax, in violation of § 1681e(a), did not "maintain reasonable procedures" designed to avoid disclosures of obsolete credit information. Equifax responds that irrespective of the procedures it maintained, summary judgment is proper because a CRA cannot be held liable under § 1681e(a) unless it actually discloses inaccurate information to a third party, which did not occur in this case. Plaintiffs contend that no such disclosure is necessary to establish liability under § 1681e(a). *See* Pl. Resp. at 13.

As best we can tell, only one circuit-level decision directly addresses whether disclosure is a prerequisite to § 1681e(a) liability. *See Washington v. CSC Credit Svcs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000). In *Washington*, the plaintiffs filed a class action under § 1681e(a), claiming that the defendant CRA failed to maintain reasonable procedures "to limit the furnishing of consumer reports to the purposes listed under section 1681b." *Id.* at 266. The court said that § 1681e(a)'s purpose, to "limit the furnishing of consumer reports," is not furthered unless a plaintiff suffers the harm the procedures are meant to prevent. *Id.* It also recognized that

3

Congress's asserted purpose in adopting the reasonable procedures requirement was to "'meet[] the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the *confidentiality, accuracy, relevancy, and proper utilization of such information*.'" *Id.* at 266-67 (emphasis in original) (quoting 15 U.S.C. § 1681(b)). The court said that breaches of confidentiality and improper utilization of information occur only when there is an improper disclosure and held that to state a claim under § 1681e(a), a plaintiff must allege that a CRA released a report. *Id.* at 267.

In this case, the plaintiffs allege a violation of a different but related § 1681e(a) provision, which requires CRAs to maintain reasonable procedures designed to avoid violations of § 1681c. Specifically, plaintiffs allege that Equifax's procedures encourage the making of consumer reports that improperly include "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." *See* 15 U.S.C. § 1681c(a)(4). Just as the Fifth Circuit concluded that § 1681e(a)'s purpose, to "limit the furnishing of consumer reports," is not furthered unless a plaintiff suffers the harm the procedures are meant to prevent (i.e., the furnishing of a consumer report), § 1681e(a)'s other purpose, to "avoid violations of section 1681c," is not furthered absent a violation of § 1681c. Plaintiffs do not contend that Equifax violated § 1681c.[2]

The Court also notes that the Seventh Circuit cited *Washington* approvingly in resolving a similar issue under § 1681e(b), a provision that also contains a "reasonable procedures"

---

[2] Congress's stated purpose in adopting the reasonable procedures requirement also supports an interpretation of the statute requiring the release of a report. *See* 15 U.S.C. § 1681(b). Indeed, as in *Washington*, breaches of confidentiality and improper utilization of information can only occur after a CRA issues a report to a third party.

requirement. *See Wantz v. Experian Info. Solutions.*, 386 F.3d 829, 834 (7th Cir. 2004). In *Wantz*, the court, in the context of interpreting § 1681e(b), held that "where there is no evidence of a consumer report, there could be no duty to follow reasonable procedures regarding the report." *Id.* (citing *Washington*, 199 F.3d at 267). Though *Wantz*'s holding is directed at § 1681e(b) and not § 1681e(a), the similarity of the two provisions and the court's citation to *Washington* persuades the Court that the Seventh Circuit would follow *Washington*'s holding. In short, the Court sees no basis to conclude that § 1681e(a) provides a consumer a cause of action for damages against a CRA that has inaccurate information on the consumer in its files, even if that information has never been disclosed. Because plaintiffs have offered no evidence that Equifax issued a consumer report containing obsolete credit information, no jury reasonably could find that Equifax violated § 1681e(a).[3]

### 2. Section 1681g(a)(1)

Section 1681g(a)(1) provides that "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: All information in the consumer's file at the time of the request." The plaintiffs argue that the Court should deny Equifax's motion for summary judgment because Equifax maintained inaccurate information in plaintiffs' files in violation of this statute. Specifically, they claim that the dates of last activity listed in their files did not accurately reflect the date on

---

[3] The Court recognizes that under the Fifth and Seventh Circuits' interpretation of § 1681e(a), some (though not all) wrongful disclosures will give rise to causes of action under both § 1681c for the disclosure itself and under § 1681e for the failure to maintain reasonable procedures. This result does not persuade the Court that a contrary interpretation is warranted, especially given the complete absence of case law so holding.

5

which § 1681c(a)(4)'s seven year reporting period commenced.[4] Equifax counters that § 1681g(a)(1) does not require every fact, figure, and date in a consumer's credit file be accurate. Instead, it maintains that the statute requires CRAs to disclose all information in a consumer's file to the consumer so that he or she can find any mistakes and request corrections.

The Court agrees with Equifax that § 1681g(a)(1) only requires CRAs to clearly and accurately disclose all of the information contained in a consumer's file and does not require, in addition, that every bit of information in the file be accurate. After hearing testimony that twenty percent of consumer reports contained serious errors, *see* H.R. Rep. No. 102-692, at 33 (1992), Congress passed § 1681g to give consumers "access to their report information in order to identify problems." S. Rep. No. 103-209, at 21 (1993). Congress then passed 1681i to provide consumers with a vehicle to correct those problems. *See* H.R. Rep. No. 103-486, 41-45 (1994). It would be strange if §§ 1681g & 1681i allowed consumers to obtain and correct inaccuracies in their credit reports and simultaneously held CRAs strictly liable for disclosing that information to consumers. Claims for the unreasonable collection or wrongful disclosure of credit information are properly brought under §§ 1681c & 1681e, not § 1681g. Equifax "accurately disclose[d]" to the plaintiffs the information in their reports – which is what § 1681g(a)(1) requires – even if

---

[4] Section 1681c(a)(4) prohibits CRAs from making consumer reports containing "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." Section 1681c(c) measures the seven year period as follows:

> The 7-year period referred to in paragraphs (4) and (6) of subsection (a) of this section shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action.

some of that information may have turned out to be erroneous.

Plaintiffs also argue that the information sent to Equifax was not clear because the date of last activity could refer to a number of dates: the date the account was charged off, the date the account was sold to a debt buyer, or the date a consumer raised a dispute about the account. *See* Pl. Resp. at 10. As a result, plaintiffs argue, they could not determine when the information would be deleted from their files.

Plaintiffs have offered no evidence supporting their argument that they could not calculate the date on which information would be deleted from their files. It is undisputed that Equifax provided plaintiffs with an explanatory insert that said collection accounts would be reported for seven years measured from the date of last activity. The date of last activity was clearly marked on the Sears and Sherman notations that Equifax provided. It makes no difference, for purposes of § 1681g(a)(1) liability, whether the date of last activity accurately denoted the date on which § 1681c(a)(4)'s seven-year reporting period commenced. As discussed above, the assumption underlying § 1681g(a)(1) is that information contained in a consumer's file may be inaccurate; there is no cause of action under § 1681g(a)(1) based on the mere presence of such inaccurate information. The very purpose of § 1681g is to give consumers a means to discover inaccurate information and have it removed.

Because plaintiffs have offered no evidence that Equifax did not clearly and accurately provide plaintiffs all of the information in their files, no jury reasonably could find that Equifax violated § 1681g(a)(1).[5]

---

[5] Plaintiffs have moved to strike an argument that Equifax raised for the first time in its reply brief. Though the Court agrees that Equifax did not raise this argument in its opening brief (a party does not raise an argument by merely reciting the elements of a claim), the motion is

**Conclusion**

For the foregoing reasons, the Court grants Equifax's motion for summary judgment [docket no. 56]. The Clerk is directed to enter judgment in favor of the defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 9, 2006

---

moot because the Court did not consider the argument in question.